FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAR 29 AM 9:03

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALEXIA HAYSMAN, CHERYL )
COLLINS, and GLORIA COLLEY, )
f/k/a Gloria Sasser, )
 )
Plaintiffs, )
 )
v. ) CASE NO. CV415-205
 )
METROPOLITAN LIFE INSURANCE )
COMPANY; PATCOMP, INC., d/b/a )
Entre Solutions; and BILL )
LUCAS & ASSOCIATES, INC.; )
 )
Defendants. )
 )

## ORDER

Before the Court is Defendant Bill Lucas & Associates, Inc.'s ("BLA") Motion to Dismiss. (Doc. 29.) For the following reasons, Defendant BLA's motion is **DENIED**.

### BACKGROUND

This case involves the denial of a claim for proceeds of a life insurance policy issued to Steven Haysman.[1] The policy was provided through a group benefit plan ("Plan") established by Mr. Haysman's employer—Defendant Patcomp Inc.—and issued by Defendant Metropolitan Life Insurance

---

[1] For the purposes of ruling on Defendant's Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiffs and accepts as true all of Plaintiffs' well-pled facts. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

Company ("Metlife"). (Doc. 24 ¶¶ 10, 12.) Mr. Haysman purchased the policy from Defendant BLA, who "actively engaged in soliciting, enrolling, and servicing the Employee Benefit Plan of Patcomp and its employees." (Id. ¶ 14.) Plaintiffs allege that Defendant BLA "was the agent and representative of Defendant Patcomp in the administration and carrying out of the [] employee benefit plan and acted on behalf of the [] Plan Administrator in carrying out the requirements of the [] plan." (Id. ¶ 11.) In addition, Plaintiffs claim that Defendant BLA "advis[ed] employees of Patcomp on all aspects of said benefit plans, including determinations of eligibility for benefits." (Id. ¶ 15.)

In April 2013, Mr. Haysman was hospitalized due to an illness. (Id. ¶ 17.) He continued to remit the monthly premiums for the life insurance policy during his hospitalization. (Id. ¶ 18.) However, Defendants Patcomp and BLA never informed Mr. Haysman of any issues concerning his eligibility for benefits under the Plan. (Id. ¶ 19.) Sadly, Mr. Haysman passed away on July 8, 2013. (Id. ¶ 20.) As beneficiaries under the life insurance policy, Plaintiffs sent a proof of loss claim to Defendant Metlife, who subsequently denied Plaintiffs' claim. (Id. ¶ 21.)

Based on the denial, Plaintiffs filed suit in the State Court of Chatham County. (Doc. 1, Ex. 4.) Defendants timely removed the complaint to this Court, pursuant to 28 U.S.C. § 1331, based on the presence of federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461. (Id.) In their amended complaint, Plaintiffs bring one claim against all Defendants for $150,000 in unpaid benefits under the policy issued by Defendant Metlife, plus any pre-judgment interest. (Id. ¶ 24-26.) Plaintiffs also seek attorney's fees pursuant to 29 U.S.C. § 1132(g). (Id. ¶ 28.)

In its Motion to Dismiss, Defendant BLA argues that Plaintiffs' amended complaint "is utterly devoid of any contention that Bill Lucas is a plan administrator or fiduciary subject to liability as an ERISA entity." (Doc. 29 at 4.) Defendant BLA concludes that Plaintiffs' failure to make such an allegation renders Defendant BLA an improper defendant under ERISA. (Id. at 3-4.) In response, Plaintiffs maintain that Defendant BLA is a proper defendant because Plaintiffs have properly alleged that Defendant BLA was a "de facto Plan Administrator with control over the employee benefits program of Patcomp." (Doc. 31 at 10.)

3

**ANALYSIS**

I.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).[2] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] <u>Iqbal</u> makes clear that <u>Twombly</u> has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. <u>Iqbal</u>, 556 U.S. at 684 ("Though <u>Twombly</u> determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

4

Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that " 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at

5

1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. DEFENDANT'S MOTION TO DISMISS

Participants in an ERISA plan may file a civil action "to recover benefits due [] under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B). Proper defendants in an action based on the denial of ERISA benefits include persons and entities that exercise some level of control over the administration of the plan. Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) (citing Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988)). Even simple authority to interpret a plan's terms and make decisions regarding claims for benefits can render a party an administrator and fiduciary subject to suit under ERISA. See Glenn v. Broadspire Servs., Inc., 2006 WL 4990904, at *2 (M.D. Fla. June 15, 2006); see also 29 U.S.C. § 1002(21)(A) (defining plan fiduciary to include those with "discretionary authority or discretionary responsibility in the administration of such plan").

In this case, Plaintiffs have sufficiently alleged that Defendant BLA is a plan administrator. The amended complaint alleges that Defendant BLA "advis[ed] employees of Patcomp on all aspects of said benefit plans, including determinations of eligibility for benefits of all plan participants." (Doc. 24 ¶ 15.) Contained in this allegation is the contention that Defendant BLA was somehow involved in determining whether individuals were eligible for plan benefits.[3] This type of activity would render Defendant BLA a plan administrator and subject to suit under ERISA for the improper denial of benefits.

In the end, it very well may be that Defendant BLA does not qualify as a plan administrator. That argument, however, must wait until after the parties have engaged in discovery. All required of Plaintiffs at this early stage is "a short and plain statement of the claim showing that the [Plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a)(2). Having satisfied that light burden, Defendant's Motion to Dismiss must be **DENIED**.

---

[3] The Court recognizes that this might be somewhat of a generous reading of Plaintiffs' complaint. However, Plaintiffs are entitled to such liberality at this early stage in the litigation. See Martinez, 480 F.3d at 1057.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 29) is **DENIED**.

SO ORDERED this 28th day of March 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA